NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO MENDOZA-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1371 <br><br> Agency No. <br> A206-237-313 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026**
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Petitioner Antonio Mendoza-Rodriguez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from an immigration judge's (IJ) decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review the agency's application of section 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard to a given set of facts pursuant to 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We deny the petition for review.

We review for substantial evidence "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review de novo claims of due process violations in removal proceedings. *Oshodi v. Holder*, 729 F.3d 883, 889 (9th Cir. 2013) (en banc).

1. Petitioner's only qualifying relative is his daughter, Hannah, who is a United States citizen. To establish that Hannah would experience "exceptional and extremely unusual hardship," the record must compel us to conclude that her hardship would be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (citation omitted). It does not.

The agency's conclusion that Petitioner had failed to establish that Hannah would suffer "exceptional and extremely unusual hardship" if she remained in the United States was supported by substantial evidence. While acknowledging that

"the separation of close family members undoubtedly constitutes hardship," the agency explained that "family separation is not in and of itself exceptional and extremely unusual hardship." Our precedent supports the agency's conclusion. *See, e.g.*, *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (explaining that the emotional suffering that results from the separation of parents from children is "sadly common" in the removal context and does not satisfy the exceptional and extremely unusual standard). The agency acknowledged that Petitioner could not provide the same amount of financial support to the family if he were removed, but found that reduced economic support, absent more, does not constitute "exceptional and extremely unusual hardship." It is well-established that a "lower standard of living . . . generally will be insufficient" to establish "exceptional and extremely unusual hardship." *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63–64 (BIA 2001).

The agency's conclusion that Petitioner had failed to establish that Hannah would suffer "exceptional and extremely unusual hardship" if she accompanied him to Mexico was also supported by substantial evidence. The agency acknowledged that Hannah would have reduced educational opportunities in Mexico. But the agency also noted that there was no evidence that Hannah "would be deprived of all schooling or of an opportunity to obtain any education," and therefore, her hardship would not be exceptional and extremely unusual. The agency acknowledged

Petitioner's fears about Hannah's safety in Mexico but found that this did not rise to the level of exceptional and extremely unusual hardship. We have recognized that "adverse country conditions in the country of return . . . generally will be insufficient" to establish exceptional and extremely unusual hardship. *Gonzalez-Juarez*, 137 F.4th at 1007 (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64).

2. Petitioner argues that the BIA erred by affirming the denial of cancellation of removal because the IJ failed to consider relevant evidence.

Petitioner argues that the agency failed to consider Hannah's future circumstances when it concluded that she would not suffer exceptional and extremely unusual hardship. But the agency considered those future circumstances. First, the agency considered the impact that moving to Mexico would have on Hannah's future learning opportunities. Second, the agency considered the increased risk of physical harm that Hannah would face if she moved to Mexico with Petitioner after his removal. Third, the agency considered the reduced economic and educational opportunities that Hannah might have if she remained in the United States but lacked her father's financial support.

Petitioner also argues that the agency failed to consider the cumulative effect of various pieces of evidence in assessing hardship. However, the IJ found that the "exceptional and extremely unusual hardship" standard had not been met after considering "all the circumstances, taken cumulatively." Petitioner argues that the

agency should have weighed the evidence differently. This argument fails. Although Petitioner may disagree with the agency's determination, Petitioner does not identify evidence in the record that the agency ignored. The record thus does not "compel[] a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028.

3. Petitioner argues that the IJ violated his due process right to a fair hearing when, during Petitioner's merits hearing, the IJ limited the testimony of Petitioner's nonbiological daughter. To prevail on his due process challenge, Petitioner must show that (1) his removal proceedings were "fundamentally unfair," and (2) he suffered prejudice, such that "the outcome of the proceeding may have been affected." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021).

Petitioner's claim fails because he cannot show that the IJ violated his due process right to present evidence. An IJ has "discretion to limit testimony in order to focus the proceedings and exclude irrelevant evidence." *Oshodi*, 729 F.3d at 890 n.9 (citation omitted). "[T]he critical question is 'whether the IJ's actions prevented the introduction of significant testimony.'" *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (quoting *Oshodi*, 729 F.3d at 890). The IJ permitted Petitioner's nonbiological daughter to testify but limited her testimony to the issue of Petitioner's relationship with Hannah. That limitation was within the IJ's discretion because Hannah was Petitioner's sole qualifying relative; her hardship alone was relevant to his application.

4. Petitioner also argues that the IJ violated his due process rights by relying on "nonexistent and unsupported evidence inferred from [Petitioner's] family residing in Mexico." Even if the IJ's action constituted error, Petitioner fails to show that he suffered prejudice as a result. The IJ's error could not have been prejudicial because substantial evidence in the record supports the agency's decision apart from the IJ's finding that Petitioner would have "family support" in Mexico. Petitioner has not shown that "the outcome of the proceeding may have been affected" by the IJ's consideration of Petitioner's "family support" in Mexico, and his claim therefore fails. *Zamorano*, 2 F.4th at 1226 (citation omitted).

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.

23-1371